UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SINGH LOVEPREET,

          Petitioner,         Case # 19-CV-6628-FPG

v.

                                  DECISION AND ORDER

WILLIAM P. BARR, et al.,

          Respondents.

*Pro se* Petitioner Singh Lovepreet brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention at the Buffalo Federal Detention Facility. ECF No. 1. Respondents move to dismiss, arguing that the petition is premature. ECF No. 4. Because the Court agrees, Respondents' motion is GRANTED.

Petitioner is a native and citizen of India. In June 2018, a Border Patrol agent apprehended Petitioner shortly after he crossed the Mexico border into the United States. Immigration authorities instituted removal proceedings, and Petitioner has been detained since his initial apprehension.

After various administrative proceedings, on August 28, 2019, an immigration judge denied Petitioner's applications for relief from removal and ordered him removed. Petitioner did not appeal the order to the Board of Immigration Appeals, and thus the order became final on September 27, 2019. *See Smith v. Tsoukaris*, No. 11-4207, 2011 WL 6002464, at *3 (D.N.J. Nov. 30, 2011).

Respondents move to dismiss the petition as premature. They assert that the "government is afforded a statutory 90-day period" in which to remove an alien following a final order of removal, such that no claim for unconstitutional detention may lie. ECF No. 5 at 2. The Court agrees. Under 8 U.S.C. § 1231(a)(1)(A), "aliens ordered removed shall be removed by the

1

Attorney General within [a] 90-day 'removal period.'" *Turkmen v. Ashcroft*, 589 F.3d 542, 547 (2d Cir. 2009). During the removal period, "[t]he government is required to detain" the alien. *Id.* (citing 8 U.S.C. § 1231(a)(2)). Courts have upheld the constitutionality of that limited detention authority. *See, e.g.*, *Khotesouvan v. Morones*, 386 F.3d 1298, 1300-01 (9th Cir. 2004).

In arguing to the contrary, Petitioner asserts that his detention has become unconstitutional because he has been detained for over one year. However, prior to Petitioner's removal order becoming final, immigration authorities detained him under different statutory authority, so any claim pertaining to the earlier period of detention is immaterial to the validity of his present detention under § 1231(a)(2). *See Abimbola v. Ridge*, 181 F. App'x 97, 98 (2d Cir. 2006) (summary order).

This is not to say that Petitioner will never be able to challenge the validity of his detention. In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court interpreted § 1231(a) to limit "an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. Thus, to the extent immigration authorities continue to detain Petitioner after the removal period, he may be able to bring a claim under *Zadvydas*. For that reason, the Court dismisses the petition without prejudice.

## CONCLUSION

For the foregoing reasons, Respondents' motion to dismiss (ECF No. 4) is GRANTED. The petition is DISMISSED WITHOUT PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: November 4, 2019
      Rochester, New York

                                            _____
                                            HON. FRANK P. GERACI, JR.
                                            Chief Judge
                                            United States District Court